United States District Court
Southern District of Texas
**ENTERED**
June 10, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRYAN WILKINSON, | § | |
| *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 4:23-CV-3444 |
| HUMBLE INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| *Defendant.* | § § | |

**ORDER**

Pending before the Court is Defendant Humble Independent School District's ("Humble ISD" or "Defendant") Motion to Dismiss. (Doc. No. 8). Plaintiff Bryan Wilkinson ("Wilkinson" or "Plaintiff") responded in opposition. (Doc. No. 9). Defendant replied. (Doc. No. 11). Upon examining the complaint, briefings, and applicable law, the Court hereby GRANTS Defendant's motion to dismiss with prejudice. (Doc. No. 8).

**I.    Background**

Wilkinson alleges that his constitutional rights under the Fourth and Fourteenth Amendments were violated when he had an encounter with Humble ISD School Police on September 15, 2021. According to his complaint, Wilkinson was driving his son to school when his son stated that he had forgotten his rain jacket at home. It is undisputed that, at this point in the drive, Wilkinson was in a designated school zone heading toward the school. Wilkinson decided to head home to retrieve the jacket. To do so, he decided to make a left turn at the last intersection before reaching the school. At that time, Wilkinson saw two Humble ISD officers standing to the right of his car as he pulled into the intersection.

Wilkinson alleges that one of these officers, Officer Taryn Meredith, "gestured in a way that encouraged him to proceed" with his left turn. (Doc. No. 1 at 5). Wilkinson then continued with his left turn "driving at a crawl." (*Id.*). According to Wilkinson, Officer Meredith then "rushed toward his car, and forcefully slapped car's hood." (*Id.*). He then alleges that Officer Meredith put her hand on her gun and yelled at him indecipherably.[1] Wilkinson claims that she was scolding him for making a safe and legal left turn and telling him that he should have continued straight toward the school campus drop-off zone.

In response to Officer Meredith's actions, Wilkinson pulled the car over and waited for further instructions. Officer Meredith told Wilkinson to exit his car and Wilkinson questioned why. She told him that he needed to follow her orders and that he was under arrest. Wilkinson asked Officer Meredith to call her supervisor and asked to call his wife to come pick up their son who was still in the backseat. Once Wilkinson's wife arrived, Wilkinson exited the vehicle. He was then frisked, handcuffed, and placed in the back of the patrol car. According to Wilkinson, he was charged at the scene with felony assault with a deadly weapon against a public servant.

Humble ISD police transported Wilkinson first to the Humble ISD Police Station and later to the Harris County jail. Wilkinson remained in jail for two nights. The felony charge was later dismissed for lack of evidence and was expunged.

Now, Wilkinson has sued Humble ISD for the "injurious deprivation of this Plaintiff's right against wrongful search and seizure promised by the Fourth and Fourteenth Amendments to the Constitution of the United States." (Doc. No. 1 at 14). Notably, Plaintiff did not sue Officer Meredith alleging that *she* violated his constitutional rights. Rather, he only brings a § 1983 *Monell*

---

[1] Unless otherwise noted, the facts recounted are drawn from Plaintiff's complaint. As one might expect, Officer Meredith's account of the incident is quite different. She believes that Wilkinson did not stop for her and was going to hit her. Additionally, another officer, Officer Howard, recounted that Wilkinson "ignored [Officer Meredith's] orders and kept trying to turn." (Doc. No. 1 at 11).

claim against Humble ISD arguing that the Humble ISD school police jurisdictional policy violates the constitution and was the moving force behind Plaintiff's alleged constitutional injuries.

Wilkinson alleges that his injuries include the deprivation of constitutional rights, the resulting stress and anxiety, the wrongful public shaming he endured, the towing and impounding of his car, and the attorneys' fees and expenses he incurred in getting the criminal charges dismissed. Wilkinson also seeks recovery of lost income and job opportunities, because, ironically, he had just been hired by Humble ISD. After the incident and his arrest, however, Humble ISD allegedly denied him employment. Humble ISD now moves to dismiss Wilkinson's lawsuit with prejudice.

## II.   Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm*

*Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III. Analysis

As noted above, brings a § 1983 *Monell* claim against Humble ISD arguing that the Humble ISD School Board's school police jurisdictional policy violates the constitution and was the moving force behind Plaintiff's alleged constitutional injuries. Humble ISD moves to dismiss Wilkinson's complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

A government unit cannot be held liable under § 1983 unless "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). This is an important distinction: A plaintiff may not recover against a municipality via theories of *respondeat superior*—the government unit or municipality itself must be responsible for the constitutional violation. To succeed, the plaintiff must show "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). Such claims are referred to as *Monell* claims. *Martinez v. Nueces Cnty., Texas*, 71 F.4th 385, 389 (5th Cir. 2023).

Here, Wilkinson's pleading clearly meets the first two elements—he has identified an official policy and policymaker. His complaint specifically identifies the Humble ISD Police Department's jurisdictional policy as the challenged policy and identifies the Humble ISD School Board as the challenged policymaker. (Doc. No. 1 at 3).

The Texas Education Code § 37.081(a-1) establishes the outer bounds of jurisdiction for a public school district peace officer and authorizes school boards to set their own jurisdictional boundaries accordingly.

> The jurisdiction of a peace officer, a school resource officer, or security personnel under this section shall be determined by the board of trustees and may include all territory in the boundaries of the school district and all property outside the boundaries of the district that is owned, leased, or rented by or otherwise under the control of the school district and the board of trustees that employ or contract with, as applicable, the peace officer or security personnel or that enter into a memorandum of understanding for the provision of a school resource officer.

Tex. Educ. Code § 37.081(a-1). Pursuant to its authority under this statute, the Humble ISD School Board created a policy governing jurisdiction of its police officers ("the Jurisdictional Policy"). The Jurisdictional Policy tracks this statute nearly verbatim, adopting the full geographic scope authorized by the statute. The Jurisdictional Policy sets out that "The jurisdiction of police officers shall include all territory within District boundaries, as well as all real and personal property outside the boundaries of the District that is owned, leased, or rented by the District, or is otherwise under the District's control." (Doc. No. 1-1 at 1). By identifying this policy and policymaker, Wilkinson's complaint satisfies the Rule 12(b)(6) pleading standard for the first two elements of his *Monell* claim.

While Wilkinson has met the pleading standard on the first two elements, it is the third element that proves fatal for his *Monell* claim. The third element requires plaintiffs to plausibly allege that the municipality's custom or policy was the "moving force" behind their constitutional

5

injuries. In order for the municipality's policy to be the "moving force," *Monell* plaintiffs must establish a "direct causal link" between the policy and the alleged deprivation of rights. *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997). As the Fifth Circuit summarized, "the unconstitutional conduct must be **directly attributable** to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (emphasis added).

Here, Wilkinson's complaint does not, and cannot, factually allege a causal link between the Jurisdictional Policy and the alleged constitutional violation. Wilkinson alleges that "[n]one of this would have happened **but for** Humble ISD's unconstitutionally broad School Board policy that allows school police **unlimited** policing power with the **geographical boundaries** of the district." (Doc. No. 1 at 14) (emphasis added).

There are several problems with Wilkinson's allegation. First and foremost, "but-for" is not the causation standard for *Monell* claims. As described above, the policy must be the "moving force." Secondly, Wilkinson does not deny that he was in a designated school zone when the incident occurs. He was heading toward the middle school's drop-off point, when he attempted his left turn approximately one block away from the school. *See* (Doc. No. 1-2, Plaintiff's Map). Thus, he cannot plausibly allege that the Jurisdictional Policy's broad geographical reach was the moving force of his injuries. The moving forces were Wilkinson's left turn and the officer's reaction to that turn. Had Humble ISD adopted a jurisdictional policy limited to only the handful of blocks surrounding its schools, Wilkinson *still* would have been located squarely within that jurisdiction.

Third and finally, while *he* characterizes the school district's police power as "unlimited," that is not what the Jurisdictional Policy states. In fact, the challenged Jurisdictional Policy is silent as to police authority. Rather, based on documents attached to Wilkinson's complaint, it appears that Humble ISD has adopted a separate policy for Police Authority—a policy that specifically limits authority to eight enumerated powers.[2] (Doc. No. 1-1 at 1). Wilkinson does not challenge this Police Authority Policy (even though his complaint and response repeatedly maintain that law enforcement operations were not related to legitimate school purposes).

In short, Wilkinson's boilerplate allegation that Humble ISD's "jurisdictional policy was a moving force in denying Plaintiff his right to make a legal left turn and the [alleged] cascade of unconstitutional violations that followed" simply does not clear the pleading hurdle for *Monell* claims. The heart of his allegations is that one officer's conduct violated his constitutional rights; he cannot, however, attribute that conduct to a municipal policy.[3] The Jurisdictional Policy alleged here is far too attenuated from the conduct that caused the alleged harm. As one Fifth Circuit opinion put it, "[t]he bar to survive a motion to dismiss is low, but not that low. On the face of these allegations, the Court cannot say that it is plausible that the county's policy, as distinguished from the isolated acts of the employees who interacted with [the plaintiff], was responsible for what happened to [the plaintiff]." *Martinez*, 71 F.4th at 390. Since Wilkinson cannot properly allege that the policy that was the moving force of his injuries, the Court hereby GRANTS Humble ISD's motion to dismiss. (Doc. No. 8).

---

[2] This policy does not say anything about location or jurisdiction of school district police officers, other than that the officers shall have powers, privileges, and immunities "within the jurisdiction of the District."

[3] Since the policy virtually parrots the Texas Education Code, he could have just as easily claimed that Texas is liable due to the language of that Code.

7

## IV. Conclusion

Upon considering the applicable law and the allegations in the complaint, the Court finds that Plaintiff's *Monell* claim against Humble ISD's policy is without merit and contains defects that cannot be cured by amending the complaint. Accordingly, the Court GRANTS Humble ISD's motion to dismiss (Doc. No. 8) with prejudice.

Signed at Houston, Texas, this 10 day of June, 2024.

Andrew S. Hanen
United States District Judge